PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 96-9191

-------------------------------------------

D. C. Docket No. 1:95-CV-1594-CC

BURTON L. TILLMAN,

Plaintiff-Appellee,

versus

ZELL MILLER, in his official capacity as
Governor of the State of Georgia, THURBERT E.
BAKER, in his official capacity as Attorney
General of the State of Georgia,

Defendants-Appellants.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

**(January 26, 1998)**

Before EDMONDSON and DUBINA, Circuit Judges, and LIMBAUGH*, Senior District
Judge.

* Honorable Stephen N. Limbaugh, Senior U.S. District Judge for the Eastern
District of Missouri, sitting by designation.

# PER CURIAM:

The district court, with a written opinion, granted plaintiff -- a lawyer who advertises on television his services about workers' compensation -- summary judgment, declaring that Georgia's "Workers' Compensation Truth in Advertising Act of 1995"[1] violated the First Amendment because the Act unjustifiably compelled speech. We affirm.

---

[1]See O.C.G.A. § 34-9-30 et seq. The Act, which was scheduled to become effective in July 1995, provides:

> Any television advertisement, with broadcast originating in this state, which solicits persons to file workers' compensation claims or to engage or consult an attorney, a medical care provider, or clinic for the purpose of giving consideration to a workers' compensation claim or to market workers' compensation insurance coverage shall contain a notice, which shall be in boldface Roman font 36 point type and appear in a dark background and remain on the screen for a minimum of five seconds as follows:
>
> NOTICE
>
> Willfully making a false or misleading statement or

Even if we assume (1) that the principles established by Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626 (1985), apply here and not the seemingly more stringent standards for the state of Central Hudson Gas & Electric Corp. v. Public Service Commission of New York, 447 U.S. 557 (1980), and even if we assume (2) that the Act, which sets out its purpose expressly,[2] can be defended by the State on

representation to obtain or deny workers' compensation benefits is a crime carrying a penalty of imprisonment and/or a fine of up to $10,000.00. O.C.G.A. § 34-9-31.

---

[2]The purpose of the Act is expressed this way:

to assure truthful and adequate disclosure of all material and relevant information in advertising which solicits persons to engage or consult an attorney or a medical care provider for the purpose of asserting a workers' compensation claim.

O.C.G.A. § 34-9-30(b).

3

grounds that may possibly be different from those expressed in

the Act, and even if we assume (3) that a state may compel some disclosure in a commercial advertisement for a reason other than preventing the ad from deceiving or misleading consumers, Georgia has failed to show that what it seeks to compel plaintiff to do is justified and not too burdensome.

Plaintiff advertises on television, but he is not in the telecommunications business. The advertisements in this case are not deceptive or misleading. The message, which Georgia wishes plaintiff to carry piggyback for free on the advertisement for which he pays, is not tied to an inherent quality of the thing he is trying to sell -- his legal services. And Georgia has presented no proof that television advertising of legal services causes fraudulent workers' compensation claims to be filed or that including the pertinent compelled disclosure would likely

4

significantly reduce fraudulent claims in Georgia.[3] In such circumstances, Georgia is not justified in placing, on a television advertiser, the burden of the cost of educating the public about the criminal penalties for filing fraudulent claims.[4]

AFFIRMED.

---

[3]California has a statute that requires all advertising -- print, radio, and television -- by those who solicit persons to file workers' compensation claims or to consult with anyone regarding a compensation claim to carry a disclosure. See Cal. Lab. Code 5430 et seq. Georgia says that once California enacted its statute the total number of workers' compensation claims in California dropped by forty percent. But we do not know what to make of this information because we cannot know how many fraudulent claims were deterred. We are not told whether the percentage of fraudulent claims declined (or that even the number of fraudulent claims declined). In addition, California's statute is materially different from Georgia's Act.

[4]This undue burden is, in fact, not a trifling one. Mr. Tillman's television ads last thirty (30) seconds, and the State wants to share five (5) of them for its general education message.